**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 18-CR-00266-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. JOANNA ZARATE-SUAREZ,
2. EDWIN ROMAN-ACEVEDO, and
3. CHRISTINA FITZGERALD,

       Defendants.

---

**PROTECTIVE ORDER REGARDING MANAGEMENT OF
JENCKS ACT, RULE 26.2, RULE 49.1, AND RULE 16 MATERIAL**
_____

This matter comes before the Court on the Government's Unopposed Motion for Protective Order for Jencks Act, Rule 26.2, Rule 49.1, and Rule 16 Material, concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, Fed. R. Crim. P. 49.1 and Fed. R. Crim. P. 16 material disclosed in relation to the above-named defendants.

The government cites 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2); Fed. R. Crim. P. 26.2; Fed. R. Crim. P. 49.1; and *United States v. Ruiz,* 536 U.S. 622, 631-32 (2002) (upholding the right of the government to withhold confidential informant information in the context of plea-bargaining before trial). Government counsel has been in communication with counsel for the above named defendants, and Government counsel has advised the Court that the attorneys are not opposed to this motion for a protective order.

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, 28 U.S.C. § 1651.

The defendants presently are being detained without bond in this case. The government has expressed concerns that the Rule 16, Rule 26.2 and Jencks Act protected documents, such as witness statements and reports of statements of witnesses or persons assisting law enforcement, should not be left in the exclusive custody and control of a defendant. The government cites concerns for witness safety that could stem from the unauthorized publication, duplication, or circulation of certain written documents. The government has expressed similar concerns about the use of audio files, photographs of persons cooperating with law enforcement, possibly including some former co-conspirators who subsequently make themselves available as government witnesses, and the use of personal identifying information reflected in NCIC/CCIC types of reports that may be disclosed to the defense. In the context of pretrial discovery, the Court finds that the government's concerns have some merit, that the burden on the defense is not extensive, and that encouraging the early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case. Being now sufficiently advised in the premises, the Court finds that it is in the best interests of justice to grant the government's Motion for Protective Order.

It is therefore ORDERED that the Government's Motion for Protective Order for Jencks Act, Rule 26.2, Rule 49.1, and Rule 16 Material is GRANTED.

It is further ORDERED that Rule 26.2 material and Jencks Act material, including witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16material, including audio files, photographs, and any NCIC/CCIC reports, furnished to defense counsel of record in this case shall be used by the defense only for official purposes related to judicial proceedings in this case and for no other purpose.

It is Further ORDERED that Rule 26.2 material and Jencks Act material, such as reports of statements by witnesses, reports of witness statements or debriefings, and recordings or transcripts of witness statements or testimony, and Rule 16 materials, including audio files, photographs of persons who are or may become witnesses, and NCIC/CCIC reports, produced by the government to defense counsel of record, shall remain in the physical custody and control of government personnel (including jailors who have custody of a defendant on behalf of the USMS), or defense counsel, defense counsel's employees, and/or defense counsel's professional associates and, although defendants may review such materials, they shall not be left in the exclusive custody and control of the defendants.

It is further ORDERED that, unless defense counsel and the government come to a specific understanding to the contrary, the Rule 26.2 material, Jencks Act material, and Rule 16 material disclosed to the defense, including disclosures made through the use of electronic media, shall not be copied (except for internal purposes related to this case), reproduced, published or publicly circulated by the defense without further order of the Court or until its use in judicial proceedings at the time of trial or in official hearings or proceedings related to this case in accordance with the requirements of Rule 49.1 concerning personal identifying information.

It is further ORDERED that, in the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement. In the event that the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, audio file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

It is further ORDERED that, at the conclusion of the case, including appeal, the described Rule 26.2 material, Jencks Act material, NCIC/CCIC records, audio files, and photographs shall be destroyed by counsel or returned to the government.

DATED June _____, 2018.

BY THE COURT:

_____
Phillip A. Brimmer
United States District Judge
District of Colorado