IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00266-PAB-2

UNITED STATES OF AMERICA,

Plaintiff,

v.

2.  EDWIN ROMAN-ACEVEDO,

Defendant.

_____

**ORDER**
_____

The matter before the Court is the Motion for Reduction in Sentence Pursuant to
18 U.S.C. § 3582(c)(2) [Docket No. 473], filed by defendant Edwin Roman-Acevedo.[1]
The government responded, Docket No. 478, and Mr. Roman-Acevedo replied.  Docket
No. 480.

On November 8, 2018, Mr. Roman-Acevedo pled guilty to one count of
possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.
§§ 841(a)(1), (b)(1)(A)(viii).  Docket No. 180 at 2.  On April 19, 2019, the Court
sentenced the defendant.  Docket No. 303 at 1.  At sentencing, the Court found the total
offense level to be 35 and determined Mr. Roman-Acevedo's Criminal History Category
to be V, which resulted in a sentencing range of 262 to 327 months imprisonment.  *See*
Docket No. 278 at 15, 20, 26.  The Court granted Mr. Roman-Acevedo's motion for a
sentencing variance and sentenced him to 120 months imprisonment followed by 5

_____

[1] Because Mr. Roman-Acevedo is proceeding pro se, the Court construes his
filings liberally without serving as his advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991).

years of supervised release.  Docket No. 303 at 2; Docket No. 309 at 2-3.  Mr. Roman-Acevedo is currently incarcerated at FCI Florence, a medium-security federal penitentiary in Colorado.  *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Mr. Roman-Acevedo's projected release date is January 9, 2027.  *Id.*

On May 2, 2024, Mr. Roman-Acevedo filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.  Docket No. 473.  The government filed a response opposing Mr. Roman-Acevedo's motion on August 21, 2024.  Docket No. 478.  Mr. Roman-Acevedo replied on August 28, 2024.  Docket No. 480.

Generally, a federal court may not alter a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  However, under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Roman-Acevedo maintains that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points. *See* Docket No. 473 at 1; Docket No. 480 at 1. He argues that the reduction in his status points means that he has a criminal history category of IV. Docket No. 480 at 1. The government agrees that Amendment 821 applies to Mr. Roman-Acevedo, but disputes that it alters his guideline range. Docket No. 478 at 1. The Court agrees that Mr. Roman-Acevedo's total criminal

history points have changed from 11 to 10 through the retroactive application of Amendment 821. Mr. Roman-Acevedo received 9 criminal history points for offenses committed between 2016 and 2017. *See* Docket No. 278 at 15–20. He further received a two-level enhancement for committing the offense in this case while under a criminal justice sentence. *Id.* at 20. Amendment 821 modifies this two-level enhancement to a one-level enhancement, resulting in 10 total criminal history points. However, Mr. Roman-Acevedo's Criminal History Category remains V, which applies to defendants with 10, 11, or 12 criminal history points. *See* U.S.S.G. ch. 5, pt. A (2023). Accordingly, Mr. Roman-Acevedo's amended guideline range is 262 to 327 months. This is the same guideline range that applied at sentencing. Moreover, Mr. Roman-Acevedo was sentenced below the guideline range to 120 months imprisonment. Docket No. 303 at 2. Accordingly, the Court finds that Amendment 821 does not make Mr. Roman-Acevedo eligible for a reduction in his sentence.

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 473] is **DENIED**.

DATED January 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge